IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re<br>CONTINENTAL AIRLINES, INC., | ) | Chapter 11<br> |
| | ) | |
| | ) | Case No. 90-932 |
| | ) | |
| Ramon E. O'Neill<br>Identified member of the class<br>of LPP CLAIMANTS, | ) | Adversary No. 99-412 (MFW) |
| | ) | re: Docket No. 453 |
| v. | ) | |
| JAMES BALDRIDGE, WILLIAM MANN<br>and LARRY DUNN.<br>Representatives of the LPP CLAIMANTS, | ) | |
| and | ) | |
| CONTINENTAL AIRLINES, INC.<br>Debtor | ) | |

## DESIGNATION OF DOCUMENTS

I, Ramon E. O'Neill, in accordance with Bankruptcy Rule 8006 petition this Court, the debtor and the class representatives the following records to be produced and forwarded for this appeal.

1.   Notification to this Court by the debtor of the existence during these bankruptcy proceedings of the Continental/People Express arbitration.

2.   Motions to this Court by the debtor, under section 11 USC § 362

(Automatic Stay) permitting the debtor to continue the Continental/People Express arbitration.

3. Orders rendered by this Court, under section 11 USC § 362 (Automatic Stay) permitting the debtor to continue the Continental/People Express arbitration.

4. Motions to this Court by the debtor requesting relief under the First and/or second reorganization plan of the Continental/People Express arbitration award.

5. Orders rendered by this Court granting relief under the first and/or second reorganization plan of the Continental/People Express arbitration award.

6. Ms. Edna Smith affidavit, docket # 72, in this adversary proceeding 99-412.

7. The debtor to submit the list of the 5000 pilot's names who filed timely claims as referred to in Ms. Edna Smith's affidavit, paragraph 3(a).

8. The debtor to submit the "ALPA Settlement" pilot's names as referred to on Ms. Brenda Smith affidavit, paragraph 3(c).

9. This court's order granting the "ALPA Settlement".

10. The debtor to submit the "Addington Group" pilot's names as referred to in Ms. Edna Smith affidavit, paragraph 3(d).

11. This court's order granting the "Addington Group" withdrawal of their proof of claims.

12. The debtor to submit the Eastern pilot's names as referred to on the transcript held on January 31, 2002 (Fairness hearing), merged into Continental seniority list under the settlement mention by debtor during the hearing.

13. The debtor to submit the motions requesting relief from the reorganization plan for the approval of the settlement by this court to merge Eastern pilots into Continental seniority list, not listed under the "ALPA Settlement" and/or the "Addington Group".

14. The order of this court granting relief from the reorganization plan for the approval of the settlement permitting the merger of Eastern pilots into Continental seniority list, not listed under the "ALPA Settlement" and/or the "Addington Group".

15. The names of the Eastern pilots merged into Continental seniority list, not listed under the "ALPA Settlement" and/or the "Addington Group".

16. The debtor, as owner of Eastern since February 1986, and designated record keeper of all Eastern pilots records, to submit all Eastern pilots

seniority lists since the acquisition of Eastern (February 1986) till date of shutdown (January 1991).

17. JAMES BALDRIDGE, WILLIAM MANN and LARRY DUNN class Representatives' affidavits, docket # 70-2 through 70-5 in this adversary proceedings 99-412.

18. JAMES BALDRIDGE, WILLIAM MANN and LARRY DUNN class representatives consistent with the following statements in their affidavits page 4 and 5:

*b. "identifying and maintaining, on a current basis, data regarding the identification and location of persons who have become Class Members;"*

*k. "participating in preparing for and attending National Mediation Board proceedings"*

to submit the official November 1990 Eastern Master Seniority list and all Eastern Master Seniority lists obtained for the purpose of preparing for the arbitration.

19. JAMES BALDRIDGE, WILLIAM MANN and LARRY DUNN as class representatives and directors of Eastern Pilots for Fairness to submit all letters regarding fund raising for the litigations involving Continental and the pending arbitration.

20. JAMES BALDRIDGE, WILLIAM MANN and LARRY DUNN as class representatives and directors of Eastern Pilots for Fairness to submit all the

financing involved for this litigation including contracts with attorneys, accountants, pilots names, data upkeep and any other contracts with individuals or entities that were retained or contracted related to this arbitration litigation and this adversary proceeding.

21. A clarification statement from this court regarding the rights of the Eastern pilots not listed on Exhibit A and/or B of the settlement agreement. Specifically I'm referring to page 20 and 21 of July 21, 2006 hearing.

MR. INMAN: Brownie Inman.

    THE COURT: Okay.

    MR. INMAN: And I have -- it's right in the record that there's 2,000 that could have been available. But I -- it's in the record. We can go right to it right now and end this myth just quickly. Edna Smith admits in her deposition 5,000. She said she started working. She eliminated the 2,700 of the Continental Airlines and Eastern settlements, and the 300 of the -- what was it -- the -- pardon me.

    THE COURT: The Alpha?

    MR. INMAN: Addington Group.

    THE COURT: Addington Group.

    MR. INMAN: That's 3,000 people. She started with 5, ended up with 3. I mean she started with 5, eliminated 3. That's 2,000 people. It's right in the record, right here, Your Honor. We can -- in the document -- in the Court records. I'm not -- I can do it very easily. However, even if I do do it, it doesn't matter, because you approved the -- if you'll remember the settlement, you approved Appendix A. That was the list you started with. Appendix A was specific names. I think about 560 people. And you had to be on Appendix A. And there was no option of expanding Appendix A. It was never in your Order to expand Appendix A. You said that they had to be on Appendix A, with no mechanisms to expand

5

Appendix A. So you defined the Class as 560 people. And anybody that's not on it is entitled to their appeal rights to arbitration.

    THE COURT: Okay. And that's what you're stuck with.

    MR. INMAN: Okay. Excuse me.

22. Motion requesting the addition of newly identify class members dated May 17, 2002.

23. Order granting the addition of newly identify class members.

24. A clarification statement from this court regarding the willingness of the court to re-litigate Exhibit A of the settlement agreement after the claims due date of April 02, 2002.

25. A clarification statement from this court regarding the willingness of the court to re-litigate Exhibit A and add Exhibit B on May 17, 2002.

26. A clarification statement from this court regarding the certification of the class composition and its relation to the settlement.

Please forward all these records to the District Court.

I reserve the right to expand upon this request as seen fit and as requested by the District Court.

August 27, 2006
*Ramon E O'Neill* (signature)
Ramon E. O'Neill, *Pro Se*
7424 SW 129 Ct.
Miami, Fl. 33183
(305) 386-4866