IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CONTINENTAL AIRLINES, INC., | ) | Case No. 90-932 & 90-933 (MFW) |
| *et al.* | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtor. | ) | |

-------------------------------------------------------------x

| | | |
|---|---|---|
| | ) | |
| RAMON E. O'NEILL | ) | Civil Action No. 06-568 (SLR) |
| | ) | |
| BROWNIE N. INMAN | ) | Civil Action No. 06-569 (SLR) |
| | ) | |
| J. TRIGG ADAMS | ) | Civil Action No. 06-570 (SLR) |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CONTINENTAL AIRLINES, INC., *et al.* | ) | |
| | ) | |
| Appellees, | ) | |
| | ) | |

-------------------------------------------------------------x

**APPELLEE'S REPLY TO APPELLANTS' OBJECTIONS TO APPELLEE'S (I)
MOTION FOR AN ORDER EXCUSING THE PARTIES FROM THE MEDIATION
REQUIREMENTS OF THIS COURT'S JULY 23, 2004 STANDING ORDER, AND (II)
UNOPPOSED MOTION FOR AN ORDER CONSOLIDATING
THE APPEALS FOR BRIEFING, ARGUMENT AND MOTION PRACTICE**

Continental Airlines, Inc. ("Continental"), as an appellee herein, hereby files this

reply (the "Reply") to the objections to Continental's *(I) Motion for an Order Excusing the*

*Parties from the Mediation Requirements of this Court's July 23, 2004 Standing Order, and (II)*

*Unopposed Motion for an Order Consolidating the Appeals for Briefing, Argument and Motion*

*Practice* (the "Motion") filed by Appellant O'Neill (the "O'Neill Objection") [*see* Docket No. 9,

Case No. 06-568], Appellant Adams (the "Adams Objection") [*see* Docket No. 8, Case No. 06-570] and Appellant Inman (the "Inman Objection," and together with the O'Neill Objection and the Adams Objection, the "Pilot Objections") [*see* Docket No. 7, Case No. 06-569]. In support of the Reply, Continental respectfully states as follows:

<u>**THE MOTION AND CONTINENTAL'S MOTION TO DISMISS**</u>

1.      On September 21, 2006, Continental filed its Motion requesting two largely procedural remedies. First, Continental requests that the above-captioned appeals (collectively, the "Appeals"), be consolidated for purposes of motion practice, briefing and argument. Prior to filing the Motion, undersigned counsel to Continental obtained the consent of each appellant to consolidate the Appeals for these procedural purposes. Accordingly, that portion of the Motion is not contested, is not addressed in the Pilot Objections or this Reply and, therefore, Continental respectfully requests that portion of the Motion be granted.

2.      Second, Continental requests that the parties be excused from the mandatory mediation requirements of this Court's July 23, 2004 Standing Order (the "Standing Order"); it is this request to which the Pilot Objections are addressed.

3.      Continental requests to be excused from the requirements of the Standing Order, as set forth more fully in the Motion, because the issue raised by the appellants in the Appeals – the membership of a class of plaintiffs to which the appellants admittedly belong – has already been fully adjudicated by the Bankruptcy Court and affirmed by this Court and the Third Circuit Court of Appeals in prior appeals brought and lost by two of the very same appellants in these Appeals.

4.      Because the principles of *res judicata* bar the appellants from re-litigating these issues, Continental filed its *Motion of Appellee Continental Airlines, Inc. for an Order (I)*

*Dismissing Appeals, (II) Awarding Damages Pursuant to F.R.A.P. 38 and Bankruptcy Rule 8020, and (III) Enjoining App*ellants (the "Motion to Dismiss") [*see* Docket No. 7, Case No. 06-568] on September 29, 2006 seeking, among other things, dismissal of the Appeals.

## THE OBJECTIONS

5.      Between September 29 and October 3, 2006, the Pilot Objections were filed.

6.      Appellant Inman succinctly contends in the Inman Objection that "[t]here is no reason to bypass standard procedure." Inman Objection, at p. 1.

7.      Although appellant Adams argues "I am not re-litigating this case[,]" he concedes that "[t]his Court and the Appellate Court upheld the…Judgment issued by the Bankruptcy Court" and that he has "steadfastly maintained throughout all the proceedings in this and higher Courts that the Class Representative and Continental have been fraudulently remiss and contradictory in their findings…[and that his] objections to these malfeasances have been totally ignored by these Courts…" Adams Objections, at ¶ 1.C. Appellant Adams goes on to state that: "[t]hese are serious charges, supported by documents already filed in this case, and should lead to criminal sanctions being applied to those responsible…" and "the Court has ignored protestations from the very beginning that the numbers [of pilots included in the class] were bogus." *Id.* at ¶ 1.C, 1.E.[1]

8.      Finally, in the O'Neill objection, appellant O'Neill advances many of the same allegations and arguments advanced by appellant Adams and accuses Continental, among

---

[1] In the letter accompanying the Adams Objection, appellant Adams insinuates that Continental's counsel strategically timed its Motion knowing appellant Adams "was on vacation and would not return for over a week." Although Continental's counsel spoke with Mr. Adams on September 20, 2006, appellant Adams never mentioned his vacation plans. Had counsel been advised, Continental most assuredly would have consented to an extension of time for him to file his papers.

others, of perpetrating a fraud on the Court which appellant O'Neill alleges is "punishable as a crime." O'Neill Objection, at p. 5.

## REQUEST TO BE EXCUSED FROM MANDATORY MEDIATION

9.    The Pilot Objections prove one thing – that any attempt to mediate would be futile.

10.    Appellants Adams' and O'Neill's objections do nothing other than substantiate Continental's argument that *res judicata* bars re-litigation of the issues raised in the Appeals. Appellants Adams and O'Neill readily concede that the issue currently on appeal was raised in the prior litigation before the Bankruptcy Court and the appeals that followed. They argue, however, that the Bankruptcy Court, this Court and the Third Circuit Court of Appeals "ignored [their] protestations from the very beginning…" Adams Objection, at ¶ 1.E. The appellants seem to believe that because they lost at the trial level and all levels of appeal, all of the Courts must have ignored what they consider well-reasoned arguments. As set forth in greater detail in Continental's Motion to Dismiss, the issue raised by the appellants was raised time and again, fully considered and ruled on by every Court that has heard their complaints. The appellants' complaints have been rejected by the courts in this Circuit, not ignored, and attempting to mediate a resolution now – after the fact – would be of no utility.

11.    Furthermore, by their incessant allegations of fraud, perjury and criminal wrongdoing against Continental, the appellants have engendered no desire on the part of Continental to settle this dispute, even if the appellants' claims had a scintilla of merit (which they do not). Because the appellants are not licensed attorneys and not bound by the same ethical considerations as attorneys, the appellants feel unrestricted in making outlandish and unfounded accusations against Continental. As set forth in the Motion to Dismiss, Continental is

seeking and is deserving of an injunction and an award of damages against the appellants given the outrageous nature of the appellants' accusations and the outright frivolity of the Appeals. Given the stage set by the appellants, Continental believes that any efforts to mediate would be futile.

12.      As discussed in the Motion to Dismiss, there is simply no reason why – after having spent tens of thousands of dollars <u>successfully</u> litigating these issues – Continental should settle with the appellants merely because they have filed the same litigation in the Bankruptcy Court that they lost years ago.

13.      Finally, as the Court is aware, the appellants have sought to arbitrate the dispute underlying the Appeals for nearly twenty years, including multiple appeals and litigation involving numerous pilot splinter groups formed in Continental's bankruptcy cases. Their efforts have been characterized by this Court as "legally incorrect," "untenable," "moot," "futile," "not laudable," and "a waste of the assets of the estate, as well as a tremendous waste of judicial resources."[2] Providing appellants with yet another forum to slander Continental  would reward their relentless 20-year vendetta in pursuit of alternative dispute resolution – a cause which was lost long ago.

WHEREFORE, Continental respectfully requests that the Court enter an Order in the form attached to the Motion (i) excusing the parties from the mediation requirements of the

---

[2] *See Adams v. Baldridge*, C.A. No. 02-484 (D. Del. March 31, 2003) *rehearing denied*, April 28, 2003 (characterizing appeal as "legally incorrect," "untenable," and "moot"); *O'Neill v. Baldridge*, C.A. No. 02-375 & 02-479 (D. Del. March 31, 2003) *rehearing denied*, April 28, 2003 (same); *Inman v. Baldridge*, C.A. No. 02-399 & 02-490 (D. Del. March 31, 2003)(same); *In re Continental Airlines, Inc.*, 2004 U.S. Dist. LEXIS 26644, *14-15 (D. Del. December 13, 2004) (characterizing efforts of pilot splinter group as "futile," "not laudable," and "a waste of the assets of the estate, as well as a tremendous waste of judicial resources.").

Standing Order, (ii) consolidating the Appeals under Civil Action No. 06-568 for briefing,

motion practice and argument purposes; and (iii) granting such other and further relief as may be

just and proper under the circumstances.

Dated: October 6, 2006          YOUNG CONAWAY STARGATT & TAYLOR, LLP
       Wilmington, Delaware

                                Robert S. Brady (Del. Bar No. 2847)
                                Joseph M. Barry (Del. Bar No. 4221)
                                The Brandywine Building
                                1000 West Street, 17th Floor
                                P.O. Box 391
                                Wilmington, DE  19899-0391
                                (302) 571-6600

                                Counsel to Continental Airlines, Inc.

## CERTIFICATE OF SERVICE

I, Joseph M. Barry, Esquire, hereby certify that I am not less than 18 years of age and that on October 6, 2006, I caused a copy of the attached document to be served on the following parties by Federal Express or Hand Delivery, as indicated:

### VIA FEDERAL EXPRESS

Mr. Brownie N. Inman, pro se
18905 SW 128 Ct.
Miami, FL 33177

Mr. Ramon E. O'Neill, pro se
7424 SW 129 Ct.
Miami, FL 33183

Mr. J. Trigg Adams, pro se
3824 Park Avenue
Miami, FL 33133

### VIA HAND DELIVERY

Bruce E. Jameson, Esquire
Prickett Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

Counsel for James Baldridge, *et al.*

Joseph M. Barry (Delaware Bar No. 4221)

Dated: October 6, 2006