IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CONTINENTAL AIRLINES, INC., *et al.*<br>Debtor. | Chapter 11<br><br>Case No. 90-932 & 90-933 (MFW)<br><br>Jointly Administered |
| RAMON E. O'NEILL<br>BROWNIE N. INMAN<br>J. TRIGG ADAMS<br><br>Appellants,<br><br>v.<br><br>CONTINENTAL AIRLINES, INC., *et al.*<br><br>Appellees, | Civil Action No. 06-568 (SLR)<br>Civil Action No. 06-569 (SLR)<br>Civil Action No. 06-570 (SLR)<br><br>Consolidation pending<br><br>Ref. Docket No. 8 |

**AMENDMENT[1] TO APPENDIX OF EXHIBITS TO MOTION OF APPELLEE CONTINENTAL AIRLINES, INC. FOR AN ORDER (I) DISMISSING APPEALS, (II) AWARDING DAMAGES PURSUANT TO F.R.A.P. 38 AND BANKRUPTCY RULE 8020, AND (III) ENJOINING APPELLANTS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Robert S. Brady (Delaware Bar No. 2847)
Joseph M. Barry (Delaware Bar No. 4221)
Kenneth J. Enos (Delaware Bar No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jbarry@ycst.com

Counsel to Continental Airlines, Inc.

Dated: October 17, 2006

[1] On September 29, 2006, Continental Airlines, Inc. ("Continental") filed its *Motion of Appellee Continental Airlines, Inc. for an Order (I) Dismissing Appeals, (II) Awarding Damages Pursuant to F.R.A.P. 38 and Bankruptcy Rule 8020, and (III) Enjoining Appellants* (the "Motion") and the accompanying appendix of exhibits (the "Appendix"). Exhibit K to the Appendix, as filed, inadvertently included the incorrect document. Accordingly, this amendment to the Appendix is being filed to include the correct Exhibit K to the Appendix.

| TAB | DOCUMENT |
|---|---|
| K. | Motion of Class Action Plaintiffs for Finding that Newly Identified Former EAL Pilots are Members of the Class, for Entry of Order Requiring CAL to Fund the Settlement for the New Class Members, for 90 Day Extension of Time to Provide Notice and for Approval of Form of Notice |

# Exhibit K

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>CONTINENTAL AIRLINES, INC., et. al.,<br><br>Debtors | Case No. 90-932<br>Chapter 11 |
| JAMES BALDRIDGE, WILLIAM MANN, and LARRY DUNN, individually, and as representatives of a class of persons similarly situated who are referred to as the LPP CLAIMANTS,<br><br>Plaintiffs,<br>v.<br><br>CONTINENTAL AIRLINES HOLDINGS, INC., CONTINENTAL AIRLINES, INC. and SYSTEM ONE HOLDINGS, INC.<br><br>Defendants. | Adversary Proceeding<br>No. A-99-412<br>Class Action<br><br>**Objections Due: 5/10/02**<br><br>**Hearing Date: 5/17/02 @ 1:00 P.M.** |

**MOTION OF CLASS ACTION PLAINTIFFS FOR FINDING THAT NEWLY IDENTIFIED FORMER EAL PILOTS ARE MEMBERS OF THE CLASS, FOR ENTRY OF ORDER REQUIRING CAL TO FUND THE SETTLEMENT FOR THE NEW CLASS MEMBERS, FOR 90 DAY EXTENSION OF TIME TO PROVIDE NOTICE AND FOR APPROVAL OF FORM OF NOTICE**

The LPP Class Action Plaintiffs respectfully request the Court to issue an order finding that 256 newly identified former Eastern Airlines (EAL) pilots listed on Exhibit A appended hereto are members of the Class certified herein (the "New Members"). The New Members are covered under the defined class in this matter because they (1) were

Adversary Proceeding
No. A-99-412
Class Action

members of EAL's flight deck collective bargaining unit who are identified on Eastern Airlines' November 1990 seniority list; (2) did not settle, waive or relinquish their LPP claims with Continental; and (3) did not withdraw their proofs of claim on or before April 15, 2000 as part of the group that moved to intervene herein as members of the Class. Continental disputes that the New Members satisfy the requirements for inclusion in the Class. The disagreement between Continental and the Class Action Plaintiffs is as follows: The Class Action Plaintiffs contend that the New Members are members of the Class because they were included in the Proof of Claim filed by ALPA and never settled or otherwise withdrew that claim. Continental contends that the New Members are not members of the Class because they did not file individual proofs of claims.

The Class Action Plaintiffs also request that the Court direct Continental to fund the settlement for the New Members forthwith and to grant a sixty (60) day extension from the current bar date of June 3, 2002 until August 2, 2002, for the filing of Proofs of Claim by the New Members in order to provide Class Counsel with sufficient time to serve Notice on said persons of their right to participate in the Class Settlement. In support of this Motion, the Class Action Plaintiffs' state:

1. On February 3, 2000, this Court entered its Order Granting Class Certification. The class was certified as follows:

> All Eastern Airlines former flight deck employees who claim they are entitled to the benefits of the collective bargaining agreement (the "CBA") between Eastern Airlines and the Air Line Pilots Association in effect at the time that Eastern Airlines allegedly merged with Continental Airlines Holdings, Inc. who

Adversary Proceeding
No. A-99-412
Class Action

> filed a timely claim in the above-entitled reorganization of Continental Airlines, Inc., Case No. 90-932 (the "Reorganization") for enforcement of the labor protective privileges embodied in the CBA (hereafter "the Class Members"), *except* (1) those persons who settled, waived or relinquished his or her LPP claim with Continental and (2) those persons who moved to intervene herein, pursuant to the "Motion to Intervene in Adversary Proceedings" filed November 11, 1999 and who file a notice of withdrawal of his or her Proof of Claim in this Reorganization with the Clerk of the Bankruptcy Court for the district of Delaware on or before April 15, 2000.

Docket Nos. 26 and 27, Opinion and Order Granting Class Certification dated February 3, 2000.

2. The LPP Class Action Plaintiffs subsequently moved for the entry of an order clarifying the method of identifying class members because of problems the parties were having in deciding whether certain persons were members of the Class. Docket No. 52; LPP Class Action Plaintiffs' Motion to Clarify Method of Identifying Class Members) The problems concerned the interpretation and application of the phrase "*who filed a timely claim*" in the class definition and, more specifically, whether "new hires" employed by Eastern after ALPA pilots went on strike on March 4, 1989, are part of the Plaintiff Class. The LPP Plaintiffs contended that all EAL flight deck crew members are entitled to participate in the Class, including the "new hires" because they were entitled to the benefits of the ALPA/EAL collective bargaining agreement. CAL contended that only those pilots who filed claims in bankruptcy are entitled to participate.

Adversary Proceeding
No. A-99-412
Class Action

3. After the Motion to Clarify was filed, the LPP Class Action Plaintiffs and CAL agreed that because the clear language of the Proofs of Claim filed by ALPA for enforcement of the EAL LPPs against CAL excluded the "new hires" and was limited to persons who were EAL ALPA members pre-strike (before March 4, 1989), any new hire who did not file a Proof of Claim or have a Proof of Claim filed for him or her by the undersigned would fall outside the class definition and he or she would not be eligible to participate in the class settlement. The parties also agreed that in order to ensure that the participants in the Class were active employees of EAL as of its January 19, 1991 shutdown, an eligible pilot had to be listed on EAL's November 1990 Alphabetical Seniority List.

4. On July 10, 2001, the Court entered its Order Granting Class Action Plaintiffs' Motion to Clarify Method of Identifying Class Members by including the requirement that eligible pilots had to be listed on EAL's November 1990 Alphabetical Seniority List. The Court also required the eligible pilots to be "*members of Eastern's flight deck collective bargaining unit*" rather than simply former EAL flight deck employees "who claim they are entitled to the benefits of the collective bargaining agreement (the "CBA") between Eastern Airlines and the Air Line Pilots Association." This clarification comported with the parties' agreement that in order to participate in the Class, pilots had to be active with EAL as of the stipulated date of merger, (i.e.: EAL's shutdown date), and that "new hires" who did not file claims or have claims filed for them would be excluded from the class as they were not part of the EAL pilots who

Adversary Proceeding
No. A-99-412
Class Action

were members of ALPA and they did not individually file timely claims for enforcement of the LPPs in these proceedings. (Docket No. 56; Order Granting Motion to Clarify Method of Identifying Class Members)

5. As a result of the foregoing, the parties mutually identified 583 LPP Class Action Plaintiffs. The Court, recognizing that there may be additional persons covered by the class definition, expressly stated at the preliminary settlement hearing conducted on November 16, 2001, the fairness hearing conducted on January 31, 2002, and the hearing on the O'Neill post trial motions conducted on April 2, 2002, that it would not limit the list of class members to the 583 persons identified by the parties but would leave the door open for persons who claimed they met the class definition to be included in the Class. In doing so, the Court expressly stated that if the parties could not agree as to whether certain persons are or are not members of the Class, that the Court would resolve the issue --- hence, this Motion.

6. Throughout these proceedings, Class Counsel has been working diligently to ensure that all persons who meet the class definition are identified and provided with notice of the settlement. As a result of the O'Neill appeal and the receipt of joinders in that appeal from persons not previously identified as class members who appear to qualify, as well as advice from CAL received in early April 2002 that it had discovered 248 persons who were previously not identified as class members but who might be members of the class, the undersigned decided to redo the data research conducted last year and shared with CAL. Accordingly, the undersigned retained a new data

Adversary Proceeding
No. A-99-412
Class Action

processing firm to input the entire November 1990 EAL Alphabetical Seniority List consisting of 3,387 persons into a databank, including each pilot's seniority number and date of hire (the "Master List"). The data processors then inputted the agreed list of 583 LPP Claimants and deleted them from the Master List. The data processors then inputted all of the EAL pilot names and employee numbers identified on the list of persons who elected to participate in the 1994 ALPA/CAL Settlement which was prepared by Continental and provided to the undersigned (the"Takers List") and deleted those persons from the Master List[1]. The data processors then worked directly from the Bankruptcy Court docket sheets to identify, input and delete the 321 Addington/EPMC pilots who withdrew their claims against CAL from the Master List. The data processors then deleted from the list all of the remaining "new hires" by deleting all pilots with a seniority date on or after March 3, 1989. The resulting Preliminary List of additional LPP Plaintiffs consisted of 533 pilots.

7. The next step was to verify how many of the 533 pilots on the Preliminary List filed timely claims in the CAL bankruptcy. On March 24, 1994, ALPA and Continental entered into a Claims Settlement Agreement for purposes of settling the EAL LPP claims ALPA filed against CAL on behalf of its pre-strike members[2]. (A copy

---

[1] 1,396 of the 2,577 pilots identified by Continental as "Takers" are listed on the November 1990 EAL Alphabetical Seniority List

[2] Paragraph 2 of the Claims Settlement Agreement defined "Eligible Pilots" as "all pilots who were in the active service of Eastern Airlines, Inc. through March 3, 1989, as reflected on the attached Preliminary List

Adversary Proceeding
No. A-99-412
Class Action

of the Claims Settlement Agreement [Docket No. 5119 in Jointly Ad. No. 90-932] is appended as Exhibit B). CAL agreed in the Claims Settlement Agreement that approximately 3500 EAL pilots covered by ALPA's Proofs of Claim[3] and identified on a list[4] attached to the Claims Settlement Agreement were entitled to participate in the Settlement. As CAL unequivocally agreed that the EAL pilots on the "Eligible Pilots" list were entitled to participate in the 1994 ALPA/CAL Claims Settlement Agreement as a result being included in ALPA Proofs of Claim, there can be no dispute that their claims were timely filed by ALPA. Accordingly, in order to ensure that every new member was recognized by CAL to have filed a timely claim in these bankruptcy proceedings, the data processing firm was instructed to compare the "Eligible Pilots" list appended to the 1994 ALPA/CAL Claims Settlement Agreement against the Preliminary List and to delete the names of all EAL pilots from the Preliminary List which are not on the 1994

---

[3] Appended as Composite Exhibit 2 to the Settlement Agreement are ALPA's Proofs of Claims as the '"authorized representative" and the "exclusive collective bargaining representative" of certain specified pilots (those who were pre-strike). The Proofs of Claim were filed with respect to enforcement of the EAL LPPs against CAL and expressly included the National Mediation Board proceedings which this Court initially enjoined, to wit: *"In the Matter of an Application of the Air Line Pilots Association for an Arbitration Under the Labor Protective Provisions Involving Eastern Airlines, Inc."*

[4] The list was subject to verification and supplementation by ALPA prior to the Bankruptcy Court hearing on the approval of this Settlement Agreement. A review of the docket sheet in 90-932 from the time the motion to approve the settlement was filed until the entry of the order approving does not reflect the filing of a supplemental or corrected list. The undersigned requested CAL's attorney to confirm that no such supplemental or corrective list was filed or, if there was one, to provide it but has not received a repose to the request.

Adversary Proceeding
No. A-99-412
Class Action

ALPA/CAL Claims Settlement "Eligible Pilots" list. The result is the List of 256 Additional LPP Class Action Plaintiffs appended hereto as Exhibit A, all of whom were recognized by CAL as having filed timely claims, through ALPA's Proofs of Claim, in these bankruptcy proceedings.

8. Notwithstanding the fact that each of the 256 additional persons identified on attached Exhibit 1 meets all of the class definition criteria as well as the fact that CAL agreed that all 256 persons were "Eligible Pilots" as a result of ALPA's filing of Proofs of Claim on their behalf, CAL now states it will not agree to the inclusion of the 256 New Members because ALPA withdrew its claims as part of the settlement and the 256 pilots did not file individual claims in the bankruptcy.

9. CAL's position is untenable. The ALPA/CAL Claims Settlement Agreement was an opt out agreement. If Eligible Pilots elected not to participate in the Settlement Agreement, they retained the right to pursue their LPP Claims. That is the law of this case as determined by this Court. In approving the effect of the ALPA/CAL Claims Settlement Agreement on those who elected not to participate, this Court expressly ruled on July 19, 1994, in its Order Approving Continental-ALPA Claims Settlement Agreement, at paragraph 4 that:

> **Those who objected had the clear recourse of refusing to participate in the Settlement and retaining their Claims.**

(Emphasis supplied; a copy of the order, Docket No. 6016 in Jointly Ad. No. 90-932 is

Adversary Proceeding
No. A-99-412
Class Action

attached as Exhibit C.) Indeed, if that were not the case, this action could not have been brought. Moreover, a number of the 583 LPP Class Action Plaintiffs CAL has agreed to are persons whose claims were filed by ALPA who did not accept the ALPA/CAL settlement.

10. In addition to being inconsistent, CAL's position is not logical or a fair expression of the spirit and intent of the ALPA/CAL Claims Settlement Agreement. CAL contends that when ALPA withdrew its claims as a result of the settlement, that every pilot who had not filed an individual claim and who did not "elect" to participate in the ALPA/CAL Claims Settlement was left with no claim at all. CAL's new interpretation of the ALPA/CAL Claims Settlement Agreement, made in order to defeat the claims of the newly discovered Class Action Plaintiffs here, was not disclosed in the Claims Settlement Agreement and is contrary to this Court's express ruling discussed above. In addition, it would have been impossible for any EAL pilot who wished to opt out of the Claims Settlement Agreement to timely file a claim on his own because the bar date for the filing of claims had long since passed and there was no provision in the Claims Settlement Agreement to reopen the time for filing claims.

11. CAL also asserts that the release language in the ALPA/CAL Claims Settlement Agreement bars the claims of these New Members. It does not. The release language at paragraph 8(A) of the Settlement Agreement is between the CAL entities and ALPA with the exception of **"individual pilot defendants who do not elect to participate in this Settlement Agreement."** In addition, the release

Adversary Proceeding
No. A-99-412
Class Action

language at Paragraph 8(B) of the ALPA/CAL Claims Settlement Agreement states that **"The above release and waiver of all claims arising heretofore shall have no effect at all on (1) any claims or rights of any pilot who has filed a claim for such in the Delaware bankruptcy proceedings and does not participate in this Settlement Agreement..."** Those claims, as have been shown, were filed for the newly discovered 256 pilots by ALPA.

12. Finally, there are approximately 3500 "Eligible Pilots" identified on the list appended to the ALPA/CAL Claims Settlement Agreement. As this Court noted in its July 19, 1994 Order Approving Continental-ALPA Claims Settlement Agreement at paragraph 4, approximately one third of the pilots elected not to participate in the Settlement. Clearly, Continental has known since 1994 that it had approximately 1167 timely filed LPP claims to resolve. During the 8 year period since the ALPA/CAL Claims Settlement Agreement was approved, the total number of LPP claims has diminished by close to 30% to the 839 persons who meet this Court's criteria to participate in the LPP Class Action. Accordingly, it is respectfully requested that this Court find that the 256 New Members identified on Exhibit A are Class Members entitled to participate in the Class Settlement and direct Continental to fund the settlement for the 256 New Members forthwith.

13. In addition, Class Counsel respectfully requests a sixty (60) day extension from the current bar date of June 3, 2002 until August 2, 2002, for the filing of Proofs of Claim by the 256 newly discovered Class Members in order to provide Class Counsel

Adversary Proceeding
No. A-99-412
Class Action

with sufficient time to serve Notice on said persons of their right to participate in the Class Settlement in the form attached as Exhibit D.

WHEREFORE, the LPP Class Action Plaintiffs respectfully request the Court to find that the newly identified former EAL pilots identified on Exhibit 1 are members of the class; to enter an order requiring CAL to fund the settlement for the new class members and for a 60 day extension of time to provide notice and for approval of the form of notice appended to this Motion.

Dated: April 25, 2002

TRALINS AND ASSOCIATES
Attorneys for Class Plaintiffs
2930 One Biscayne Tower
2 S. Biscayne Blvd., Suite 2930
Miami, FL 33131
Telephone: 305-374-330

By: Myles J. Tralins by Bruce E. Jameson
Myles J. Tralins
Florida Bar No. 139543

-and-

PRICKETT, JONES & ELLIOTT
1310 King Street
Wilmington, DE 19801
Tel: (302) 888-6500

By: Bruce E. Jameson
BRUCE E. JAMESON
Delaware Bar No. 2931

**CERTIFICATE OF SERVICE**

I, Joseph M. Barry, Esquire, hereby certify that I am not less than 18 years of age and that on October 17, 2006, I caused a copy of the attached document to be served on the following parties by Federal Express or Hand Delivery, as indicated:

**VIA FEDERAL EXPRESS**

Mr. Brownie N. Inman, *pro se*
18905 SW 128 Ct.
Miami, FL 33177

Mr. Ramon E. O'Neill, *pro se*
7424 SW 129 Ct.
Miami, FL 33183

Mr. J. Trigg Adams, *pro se*
3824 Park Avenue
Miami, FL 33133

**VIA HAND DELIVERY**

Bruce E. Jameson, Esquire
Prickett Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

Counsel for James Baldridge, *et al.*

Joseph M. Barry (Delaware Bar No. 4221)

Dated: October 17, 2006