IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| CONTINENTAL AIRLINES, INC., et. al ) | |
| ) | |
| Debtor ) | |
| ) | Case No. 90-932 & 90-933 (MFW) |
| ) | |
| **Ramon E. O'Neill** ) | Civil Action No. 06-568 (SLR) |
| **J. Trigg Adams** ) | (Lead case) |
| **Brownie N. Inman** ) | |
| ) | |
| Appellants ) | |
| v. ) | |
| ) | |
| JAMES BALDRIDGE, WILLIAM MANN ) | |
| and LARRY DUNN. ) | |
| Representatives of the LPP CLAIMANTS, ) | |
| ) | |
| and ) | |
| ) | |
| CONTINENTAL AIRLINES, INC. ) | |
| ) | |
| Appellees, ) | |

FILED
FEB 2 0 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

APPEAL FROM BANKRUPTCY COURT ORDER
DATED 07/24/06

I, J. Trigg Adams, hereby object to the Bankruptcy Court's Order and petition This Court to compel compliance with the Bankruptcy Court's order, dated January 31, 2002. The Bankruptcy Court has on many occasions ignored my objections and those of others made as to the accuracy and veracity of the evidence and statements made throughout the case by the Class Counsel and Continental. Both This Court and the Bankruptcy Court have made many rulings based on the objected-to evidence without

ever stopping to vet and verify it, which I find to be puzzling and inconsistent with the judiciary's mandate to dispense justice.

My intent here is not to re-litigate any of the decided issues, contrary to Continental's assertions, but to point out that no Court in this case has yet made a ruling regarding the claims that the evidence is rife with misinformation.

## HISTORY

I have met ALL the requirements of the Class, even when the three Class representatives, Dunn, Baldridge, and Mann, have not. I am listed on the Master Seniority List as of the date of shutdown of Eastern Airlines, Inc., (EAL), am a member in good standing of the Airline Pilot Association, (ALPA), and have filed an individual claim, #231145. The Class representatives meet only one, that of being on the seniority list.

The Court rulings in the case always refer to the official Master Seniority List, as generated by EAL and ALPA, the one in question being in effect as of the date of the shutdown of EAL. Continental the Class Representatives entered an "official" list into the record, that purported to be the November 1990 Master Seniority List, minus those who had supposedly settled, and containing 583 names. I can only assume that it had been updated to include the new-hire pilots taken on since the start of the strike at EAL in 1989. Despite my and others' objections to the glaring fact that no one ever vetted the list or explained its provenance, the Court never sought verification, nor ruled on those objections.

After becoming certified as a Class, the representatives submitted a list, styled Exhibit A, above, in which they asserted without reservation that they had come up with only a little over 500 bona fide LPP claimants qualified to participate. They disingenuously stated that, firstly, no one who had not filed a claim subsequent to the blanket claim filed earlier by ALPA was not eligible. The Court swallowed it whole without question, setting a new bar date, even though I and others objected that that was not so, due to the fact that those pilots who had not taken the CAL/ALPA settlement still had a viable grievance that had not been heard, the Court having improperly stayed the grievance even though it did not have proper jurisdiction over such Railway Labor Act machinery. Secondly, they claimed that their efforts to locate additional others had proved unsuccessful, even though they had the November 1990 Seniority List, as well as contact with Continental, the keeper of Eastern pilots' records from which they effected the earlier CAL/ALPA Settlement.

On April 25, 2002 the Class submitted an extra 226 names after Mr. O'Neill and I objected to the accuracy of their Exhibit A, this fact alone proving the originally submitted list was known to be inaccurate, which made their affidavits in dockets #70 and #72 perjurious. In subsequent hearings I further objected that even with the additional names, the lists were under-inclusive, so any testimony that represented one pilot less than the official Seniority list is perjury. And yet <u>again the Court made no ruling on my objections that the evidence was tainted.</u>

In the Bankruptcy Court's hearing on July 26, 2006 to re-open the bankruptcy, I appeared telephonically and raised yet again the veracity of the list upon which This Court's Order is based. I pointed out a pilot whose name, Reifke, was brought lately into

the record because he had never been notified as Continental and Class Counsel affirmed they had done, and was quite clearly on the Master Seniority list. Yet another proof that those worthies had not done the homework they swore they did. Judge Walrath's only comment was that the list had "......already been litigated. The list has been approved for many years now. You had your chance, and others objected. I heard the evidence and decided the list."

She is correct that she had, "decided the list" years ago, but fails to mention the fact that I had been objecting to the veracity of that list before she, "decided" it, as had others, and that she had never bothered to question its accuracy, which could have been quickly done, nor ever ruled on any objections as to accuracy.

## ARGUMENT

The provisions of 18 U.S.C. § 152 to § 157 are applicable to any proceeding, arrangement or plan under the Bankruptcy Code, Title 11, U.S.C. 18 USC § 152 (2) and (3) are very specific:

> **(2) knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;**
>
> **(3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11;**

18 USC § 157. Bankruptcy fraud is also very specific:

> **A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so—**
> **(1) files a petition under title 11;**
> **(2) files a document in a proceeding under title 11; or**
> **(3) makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending**

**under such title, shall be fined under this title, imprisoned not more than 5 years, or both.**

Although I can find no specific law regarding the duties of a Court with respect to verifying the information placed before it, I am certain that it has a duty, when notified of wrongdoing, to investigate such. In an earlier filing I quoted from a Supreme Court ruling, *Protective Committee vs Anderson*, 390 U.S. 414 (1968), that overturned a long bankruptcy case because of merely sloppy and incomplete submission of facts. In the instant case the charges are far more serious, yet the Bankruptcy Court simply ignored the charges and danced around them without issuing a ruling on their merit. I see no overriding reason why those standards should not apply in this case.

Continental became the keeper of the EAL pilot records, as I know from having received summaries of my service at EAL from them. Virtually every EAL pilot I have enquired of received a mailing from them of the CAL-ALPA Settlement offer which they were very eager to get everyone to agree to, and which successfully removed a great number of potential litigants. There is no excuse for not having provided the Court with the complete and official Master Seniority List from the outset of this case, unless there was a strategy from the beginning to obfuscate a proper accounting in a subsequent settlement in line with the rapacious attitude toward unions which has characterized all their strategies both in and out of this Court. And if they object that this is not the case, there was no reason that a simple phone call to their sister company under the Texas Air umbrella would not have produced the list.

The Class representatives were quite open in their proselytizing for additional members that the rewards of their action were to be exclusive to their membership. I declined to join their group for this very reason, as it was contrary to Railway Labor Act

law, which allows no division of a class working under the same contract. Their subsequent actions, upon being forced to add to their sworn and attested "complete" list by my and Mr. O'Neill's protests of under-inclusiveness, shows that they, too, had access to the Master Seniority List. And even then the final, "perfected" list was approximately 1000 names short. Evidently, they nor Continental wanted to share or pay any settlement they could avoid.

And, also painfully evident, neither did the Court want to be bothered with the little extra work it would have taken to address my and others' further appeals that the lists were not complete. The judge simply "decided" the lists were satisfactory, made no ruling about our protestations, and proceeded from there.

By April 2002, Continental and the Class are "arguing" over minor details of the list, who's eligible, bar dates and such red herrings, while the Court blithely ignores the fact that ALPA had, on September 25, 1991, *in re: Continental Airlines Holdings, Inc., Chapt. 11 Case No. 90*-933, filed a blanket claim before the CAL-ALPA Settlement, which by the very nature of its mandate to represent ALL pilots in the employ of EAL <u>had to include every single pilot who was under the contract at the close of EAL</u>. That they had to know it applied to all pilots was clearly proved by a subsequent ruling during the appeals process is proved by:

*Airline Pilots Ass'n (ALPA) v. Continental Airlines,* 125 F. #d 120, 128 (3d Cir. 1997), known as *Continental I.*

*Steel v. Louisville & N. R. Co.*, **323 U.S. 192** and  Tunstall v. *Brotherhood of Locomotive Firemen.*, **323 U.S. 210**.: demands full and complete representation, including bankruptcy claim filings, of all its represented members:

A union that possesses the sole authority to act on behalf of all the employees of a particular type in a company. Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interest of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.

There was no further requirement for any pilot or his/her estate to fulfill to be a member of the Class. Let me emphasize this: even if you died, the Class was charged with the responsibility to notify and pay you your portion of the subsequent Settlement. The Court has steadfastly refused to recognize and enforce this simple principle.

## CONCLUSION

I ask This Court, in view of the foregoing, to uphold its July 23, 2004 Standing Order, and further, to require the Bankruptcy Court to conduct a proper enquiry into the circumstances leading to false and/or incomplete submissions of evidence before it, and further to make whole those who have suffered from such malfeasances, and, lastly, to impose penalties upon any found to have violated the law.

Respectfully submitted,

*[signature]*

J. Trigg Adams, *pro se*
(305)-665-8904
3824 Park Ave
Miami, FL 33133



From: J. TRICC ADAMS
3824 PARK AV
MIAMI FL 33133

TO: CLERK
U.S. DISTRICT CT
844 N. KING ST
WILMINGTON, DE 19801-3576

# CERTIFICATE OF SERVICE

I, J. Trigg Adams, certify that I am not less than 18 years of age, and that service of the **APPEAL FROM BANKRUPTCY ORDER DATED 07/04/06** was made on February 17, 2007, upon the attached service list by first class mail, unless otherwise specified.

Under penalty of perjury, I declare that the foregoing is true and correct.

*/s/ Trigg Adams*

J. Trigg Adams, *Pro Se*
3824 park Ave.
Miami, FL. 33133
Phone (305) 665-8904


Counsel for Continental Airlines:
Robert Brady, Esq.
The Brandywine Building
1000 West Street, 17 Floor
Wilmington, DE 19801

Counsel for LPP Claimants:
Bruce Jameson, Esq.
1310 King Street
Wilmington, DE 19899

Ramon E. O'Neill (electronically)

Brownie N Inman (electronically