IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CONTINENTAL AIRLINES, INC., ) | Bk. Case No. 02-11125 (KJC) |
| et al., ) | |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| RAMON E. O'NEILL, J. TRIGG ADAMS,) | |
| and BROWNIE N. INMAN, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | Civ. No. 06-568-SLR |
| ) | (Lead Case) |
| CONTINENTAL AIRLINES, INC., ) | |
| ) | |
| Appellee. ) | |

**MEMORANDUM ORDER**

At Wilmington this 25th day of September, 2007, having reviewed the appeals filed by appellants O'Neill, Adams and Inman; defendant's motion to dismiss; and the papers filed in connection therewith;

IT IS ORDERED that defendant's motion to dismiss (D.I. 7) is granted, by which the bankruptcy's order of July 24, 2006 is affirmed and the consolidated appeals are dismissed, for the reasons that follow:

1. This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and

a plenary standard to that court's legal conclusions.  See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. In re Hechinger, 298 F.3d 219, 224 (3d Cir. 2002); In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

2. Appellants are no strangers to this court. Indeed, this is at least the third time (in litigation that spans several decades) that each of these litigants has attempted to obtain relief despite adverse rulings from courts at all levels. The appeals at issue once again address the legality of the settlement agreement between appellee and the Baldridge LPP Class (former Eastern pilots), whereby class members were given money damages in connection with claims that their seniority rights were unlawfully abrogated by appellee Continental Airlines when Eastern was acquired by a subsidiary of Continental in 1986 ("the Settlement Agreement").[1] Appellants are all members of

---

[1] In 2002, the appellants at bar appealed from the bankruptcy court's approval of the Settlement Agreement, which appeals were dismissed by this court, as affirmed by the Third Circuit in 2004. (D.I. 8, exs. A-T; D.I. 23, exs. A-R)

2

the Baldridge LPP Class. Appellants failed to timely file claims[2] to receive a recovery under the Settlement Agreement. Appellants filed motions in the bankruptcy court to reopen the adversary proceeding that resulted in the Settlement Agreement, contending that the Baldridge LPP Class is underinclusive and that members of the Class were not given sufficient notice of their rights under the Settlement Agreement. (D.I. 23, exs. T-X) The bankruptcy court denied all motions seeking to reopen the litigation. (D.I. 23, ex. X)

    3. Having been a part of the ongoing litigation for many years, the court finds no error in the bankruptcy court's decision. The appellants have no standing to assert the rights of other members of the Baldridge LPP Class, e.g., by asserting that other Class members failed to get notice or were not included in the Class in the first instance. See In re PWS Holding Corp., 228 F.2d 224, 249 (3d Cir. 2000). Moreover, they are barred from relitigating the composition of the Class by the doctrine of res judicata.[3] Finally, appellants themselves, who vigorously objected to the Settlement Agreement and received timely and adequate notice of the approval of the Settlement Agreement, have waived their right to participate in the recovery obtained through the Settlement Agreement by not timely filing a claim.

    IT IS FURTHER ORDERED that appellee's request for damages, due to the frivolous nature of the appeals, is denied. However, these litigants will be sanctioned,

---

    [2]Claims had to be filed on or before April 3, 2002.

    [3]See D.I. 23, exs. A-R.


through the imposition of substantial financial penalties, should they continue to pursue (in this court) any remedy relating to their status as Eastern pilots.

_____
United States District Court