UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4162
_____

IN RE: CONTINENTAL AIRLINES INC., et al.,

Debtors

Brownie N. Inman,

Appellant

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 06-cv-00568)
District Judge:  Honorable Sue L. Robinson

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2008

Before: RENDELL, JORDAN and ROTH, <u>Circuit</u> <u>Judge</u>

_____

**JUDGMENT**
_____

    This cause came to be considered on the record from the United States District Court for the District of Delaware and was submitted pursuant to Third Circuit LAR 34.1(a) on April 18, 2008.  On consideration whereof, it is now hereby
    ORDERED and ADJUDGED by this Court that the judgment of the District Court entered September 25, 2007, be and the same is hereby affirmed.  Costs taxed against the Appellant.

All of the above in accordance with the opinion of this Court.

                            ATTEST:

                            /s/ Marcia M. Waldron
                            Clerk

Dated: July 8, 2008

Costs Taxed in Favor of Continental Airlines, Inc. as follows:

                                        Total for Brief...$370.60

                                                Total...$370.60

**Certified as a true copy and issued in lieu of a formal mandate on** 31 July 2008

**Teste:** *Marcia M. Waldron*
**Clerk, U.S. Court of Appeals for the Third Circuit**

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4162
_____

IN RE: CONTINENTAL AIRLINES INC., et al.,

Debtors

Brownie N. Inman,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 06-cv-00568)
District Judge: Honorable Sue L. Robinson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2008

Before: RENDELL, JORDAN and ROTH, <u>Circuit</u> <u>Judge</u>

(Opinion filed July 8, 2008)
_____

OPINION
_____

PER CURIAM

Brownie N. Inman appeals from an order of the United States District Court for the District of Delaware, which granted Continental Airlines, Inc.'s motion to dismiss his appeal of the July 24, 2006 order of the United States Bankruptcy Court for the District of

Delaware.  The Bankruptcy Court had denied, <u>inter alia</u>, Inman's motion to compel compliance with a January 31, 2002 settlement agreement, and his motion to reopen the bankruptcy proceeding to add certain claimants.  We will affirm the District Court's order.

As we write primarily for the parties, we need not set forth an involved history of this case.  Pertinent to this appeal, on January 31, 2002, the Bankruptcy Court approved a settlement between Continental and the LPP[1] claimants.[2]  Inman and others filed appeals to the District Court.  In orders entered March 31, 2003, the District Court affirmed the Bankruptcy Court's settlement order, found the appeals of the order moot, and granted the appellees' motions to dismiss the appeals.  The Court also found that Inman's appeal was untimely.[3]  Inman did not appeal the decision to this Court, but two other pilots did appeal.  This Court affirmed the District Court judgment.  <u>See</u> <u>O'Neill v. Continental Airlines, Inc. (In re: Continental Airlines)</u>, Nos. 03-2374 and 03-2375, 94 Fed. Appx. 968 (Table) (3d Cir. March 5, 2004) (not precedential); and <u>Adams v. Continental Airlines, Inc. (In re: Continental Airlines)</u>, No. 03-2376, 94 Fed. Appx. 968 (Table) (3d Cir. March

---

[1] "'LPP Claimants' refers to a group of former Eastern pilots [including Inman] whose claims in this appeal are based on certain 'labor protective provisions' (LPPs) contained in the collective bargaining agreement."  <u>In re Continental Airlines</u>, 125 F.3d 120, 124 n.1 (3d Cir. 1997) ("<u>Continental I</u>").

[2] Claimants were required to file a claim by April 3, 2002 in order to receive money from the settlement.  Inman did not file a claim.

[3] Appellees characterize the District Court's decision as a decision on the merits.  However, an untimely appeal deprives the District Court of jurisdiction to consider the merits of an appeal.  <u>In re: Flanagan</u>, 999 F.2d 753, 756 (3d Cir. 1993).

5, 2004) (not precedential).

Years later, in the summer of 2006, Inman filed a "Motion of Objection to the Class Action Plaintiffs Stipulations for Motion to Reopen" (Appendix at Tab R; Bankr. Dkt. #440); and a "Motion to Compel and Compliance with January 31, 2002 Order" (Appendix at Tab R; Bankr. Dkt. #432).[4] The latter motion requested payment of stock and monetary benefits under the settlement, and asked that the parties produce a seniority list so that "all 1300 deliberately overlooked pilots can receive their settlements." The "Motion of Objection" similarly complained that certain pilots had been excluded from the class action settlement, and asked that the matter be reopened.

The Bankruptcy Court denied the motions after a hearing, ruling that the inclusiveness of the class had been litigated years earlier, and noting that certain pilots had opted to not file a timely claim. On appeal, the District Court found "no error in the bankruptcy court's decision," noted that the appellants[5] had no standing to assert the rights of others, and that the appellants had waived their right to participate in the settlement by failing to timely file a claim. Inman timely appealed the District Court's order.

We construe Inman's brief to raise the following issues or requests: (1) Inman asks that some 1500 "viable LPP claims" be recognized, and that the claimants be allowed

---

[4] Pilots Trigg Adams and Ramon O'Neill filed similar motions.

[5] Adams, O'Neill, and Inman all appealed.

either arbitration or inclusion in the Class Settlement; (2) Inman asks the Court to affirm his right to participate in arbitration or in the Class Settlement; (3) Inman claims that pilots hired on or after March 3, 1989 (including Inman) were improperly eliminated from participating in the settlement; (4) certain other claimants were "illegally eliminated" from the list of those eligible to participate in the settlement.

The District Court properly held that Inman lacked standing to raise claims pertaining to the rights of pilots other than himself. In re: PWS Holding Corp., 228 F.3d 224, 248-49 (3d Cir. 2000). Thus, Inman lacks standing to raise the first and fourth issues listed above.

Inman's second and third claims also fail. First, this Court has ruled that any right an Eastern pilot had to arbitration regarding an LPP claim was extinguished when the claims were discharged, settled or waived. The Eastern Pilots Merger Committee, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.), 484 F.3d 173, 180-81 (3d Cir. 2007). Second, to the extent Inman asks to be included in the Settlement, he has waived the right to do so, as he failed to timely file a claim. Thus, Inman's argument that "new hires" such as himself, were improperly eliminated from the settlement, is also foreclosed; even if Inman could prove that "new hires" were improperly eliminated, he lacks standing to do so because he failed to file a claim.[6]

---

[6] This claim fails for the additional reasons that the claim was not raised until approximately four years after Inman alleges the "elimination" occurred, and because Inman does not appear to have raised the issue in the Bankruptcy Court.

For the foregoing reasons, the judgment of the District Court will be affirmed.[7]

---

[7] As we have considered the briefs and appendices of the parties, the motion for summary affirmance is denied as moot.

OFFICE OF THE CLERK

**MARCIA M. WALDRON**

**CLERK**

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA  19106-1790

Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995



July 31, 2008

Mr. Peter T Dalleo
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Lockbox 18
Wilmington, DE 19801-3519

**RE: In Re: Cont Airlines**
**Case Number: 07-4162**
**District Case Numbers: 06-cv-00568, 06-cv-00569, 06-cv-00570**

Dear District Court Clerk,

Enclosed herewith is the certified judgment together with copy of the opinion or certified copy of the order in the above-captioned case. The certified judgment or order is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. The certified judgment or order is also enclosed showing costs taxed, if any.

Very truly yours,

*Marcia M. Waldron*
Marcia M. Waldron, Clerk

By: *Anthony W. Infante*
Anthony W. Infante, Case Manager
267-299-4916

cc: Robert S. Brady
    Brownie N. Inman